IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LAWRENCE TUITELE,<br><br>　　　　Defendant. | CR. NO. 13-00593 JMS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 49 |

### ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 49

### I. INTRODUCTION

Defendant Lawrence Tuitele ("Defendant") moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release from MCFP Springfield. ECF No. 49. The court determines that although Defendant has demonstrated extraordinary and compelling reasons to warrant release, a consideration of the applicable 18 U.S.C. § 3553(a) factors weighs heavily against release. Thus, based on the following, the motion is DENIED.

### II. BACKGROUND

Defendant is a 64-year-old inmate incarcerated at MCFP Springfield, and is scheduled for release from custody on November 10, 2025. *See* https://www.bop.gov/inmateloc/ (last visited August 31, 2020).

On June 14, 2013, Defendant pled guilty to a six-count Information charging him with: (1) aiding and abetting the operation of an illegal gambling business; (2) conspiracy to distribute, and possess with intent to distribute, 50 grams or more of methamphetamine; (3) distribution of 50 grams or more of methamphetamine (3 counts); and (4) being a felon in possession of a firearm. *See* ECF No. 4; Presentence Investigation Report ("PSR") at ¶¶ 5-10, ECF No. 27 at PageID #126-27.  On December 27, 2013, Defendant was sentenced to a total term of 180 months imprisonment, and a total term of five years of supervised release. ECF Nos. 24, 26.

Defendant submitted a request for compassionate release to MCFP Springfield's Warden, although the exact date isn't clear from the record.  It appears, however, that his request was denied sometime in March 2019.  *See* ECF No. 55-3. Regardless of the exact dates, the United States concedes that Defendant has exhausted his administrative remedies.  ECF No. 59 at PageID #471.

On June 10, 2020, Defendant, acting pro se, filed the instant motion for compassionate release.  ECF No. 49.  The Office of the Federal Public Defender notified the court that it would represent Defendant in relation to his Motion for Compassionate Release, and then filed a Supplement to the Motion for Compassionate Release on July 7, 2020.  ECF Nos. 53, 55.  On July 22, 2020, the Government filed its Response, ECF No. 59, and Defendant filed a Reply on August

3, 2020.  ECF No. 64.  At the court's request, the Government submitted an August 24, 2020 brief relating to the COVID-19 mitigation efforts taken by MCFP Springfield, and Defendant filed a response on August 26, 2020.  ECF Nos. 72, 73.

The court decides the motion without a hearing pursuant to Local Rule 7.1(c).

### III.  DISCUSSION

**A.    Legal Standard**

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[1] which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

Thus, the court may reduce Defendant's sentence if: (1) Defendant has exhausted the required administrative remedies; (2) Defendant has shown that "extraordinary and compelling reasons" warrant the reduction; and (3) the reduction is consistent with applicable Sentencing Commission's policy statements.  As stated above, Defendant has exhausted his administrative remedies.

The United States Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, provides, as relevant to Defendant, that the court may grant a motion for compassionate release only if, after consideration of the applicable § 3553(a) factors, the court determines that extraordinary and compelling reasons exist to warrant a sentence reduction, the defendant is not a danger to another person or to the community, and a sentence reduction is consistent with the policy statement.

Guideline §1B1.13 provides three specific examples of extraordinary and compelling reasons for compassionate release—the defendant's terminal medical condition, deterioration of health due to advanced age, and extenuating family circumstances—along with a fourth, catch-all provision granting discretion to the Bureau of Prisons ("BOP") Director to determine whether other extraordinary and compelling reasons exist.  *See* Guideline § 1B1.13 n.1(A)-(D).  In a detailed analysis, this court previously determined that the "discretion to determine whether 'other' extraordinary and compelling reasons exist granted by [Guideline § 1B1.13 n.1(D)]

4

to the BOP Director applies equally to the court when ruling on motions for compassionate release." *United States v. Hernandez*, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020). The court incorporates that analysis here.

**B.     Extraordinary and Compelling Reasons**

Defendant bears the burden to establish extraordinary and compelling reasons to warrant compassionate release. *See, e.g.*, *United States v. Bolden*, 2020 WL 4286820, at *3 (W.D. Wash. July 27, 2020); *United States v. Proudfoot*, 2020 WL 4284128, at *4 (D. Or. July 27, 2020). Here, Defendant contends that he is at grave risk of severe illness or death from the COVID-19 pandemic because (1) he is 64 years old, and suffers from a number of medical issues, including chronic obstructive pulmonary disease ("COPD"), end stage renal failure (chronic kidney disease, stage VI),[2] obesity, hypertension, obstructive sleep apnea, hyperlipidemia (high cholesterol), and degenerative lumbar disc; and (2) he is at risk to contract COVID-19 while incarcerated at MCFP Springfield. *See* ECF Nos. 55 at PageID #387, 393-94.

---

[2] As treatment for his renal failure, Defendant receives hemodialysis three times per week. ECF No. 72-1 at PageID #561-62. During his dialysis, "each unit runs on dialysis together (in a "pod"), with sufficient social distance (i.e., greater than 6 feet) between themselves and any member of any other housing unit. Everyone, including staff and all inmates, are required to wear a mask for the entirety of the dialysis treatment time." Decl. of MCFP Springfield Supervisory Registered Nurse R. Johnson at ¶ 6, ECF No. 72-1 at PageID #561. Defendant, however, claims that at times he has observed "inmates and staff in the dialysis unit not fully complying with the mask policy." ECF No. 73 at PageID #567.

  According to the Centers for Disease Control and Prevention ("CDC"), Defendant has three separate conditions, each of which places him at an increased risk of serious illness should he contract COVID-19: chronic kidney disease, COPD, and obesity. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 31, 2020). Further, an individual with hypertension "might be at an increased risk." *Id.*[3] In short, it is beyond question that Defendant's age coupled with his pre-existing medical conditions places him at a greatly increased risk of serious injury, or death, should be contract COVID-19.

  BOP reports, as of August 31, 2020, 0 inmates and 2 staff members with "confirmed active cases" of COVID-19 at MCFP Springfield. *See* https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited August 31, 2020).[4] Despite these low numbers, the court recognizes that COVID-19 cases could rise in MCFP Springfield, as has happened in several BOP facilities. And, given Defendant's age and serious co-occurring medical conditions, the court concludes

---

[3] Further, although not listed by the CDC, obstructive sleep apnea may also contribute to an increased risk. *See* https://www.pulmonologyadvisor.com/home/topics/obstructive-sleep-apnea-osa/obstructive-sleep-apnea-may-increase-risk-for-coronavirus-disease-2019/ (last visited August 31, 2020).

[4] MCFP Springfield presently houses 861 inmates. *See* bop.gov/locations/institutions/spg/ (last visited August 31, 2020).

that Defendant has demonstrated extraordinary and compelling reasons supporting compassionate release.

At the next step, the court must examine the applicable §3553(a) factors. And, after careful review, the court determines that a consideration of those factors weighs heavily against Defendant's release. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020) (stating that compassionate release is discretionary and may be refused after a consideration of the applicable § 3553(a) factors).

## C.   Section 3553(a) Factors

As relevant to this case, the § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;[5] and (2) the need for the sentence imposed: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional

---

[5] As part of the § 3553(a) analysis, the court considers Defendant's post-offense conduct, including his rehabilitation while in custody. *See Pepper v. United States*, 562 U.S. 476, 491 (2011). And while in custody Defendant has completed his GED or high school diploma and taken 27 educational courses. ECF No. 55-5 at PageID #420. As the United States points out, however, Defendant was disciplined in 2013 and 2014 for lying or falsifying a statement, possessing an unauthorized item, and refusing to obey an order. ECF No. 59-1 at PageID #476.

treatment in the most effective manner.  18 U.S.C. § 3553(a)(1)-(2).  And under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2).

        Defendant was a significant operator of gambling rooms in Honolulu for a period of 20 years.  He ran or operated various gambling rooms from 1993 until his arrest in 2013.  *See* PSR ¶¶ 20-38, 55, ECF No. 27 at PageID #130-35, 139.  He also arranged for the distribution of methamphetamine to his gambling patrons.  One of Defendant's co-defendants, Lalotoa Sefo Lau, told investigators that Defendant "received 2 to 3 pounds of methamphetamine every 3 to 4 weeks."  PSR ¶ 46, ECF No. 27 at PageID #137.  Further, when a search warrant was executed on Defendant's residence on January 29, 2013, agents recovered 222.8 grams of 99.7% pure methamphetamine and three firearms.  PSR ¶ 48, ECF No. 27 at PageID #137-38.  That same day, agents recovered 4,449 grams of 100% pure methamphetamine from Defendant's storage locker.  PSR ¶ 50, ECF No. 27 at PageID #138.  Defendant admitted to investigators that he obtained the methamphetamine in the storage locker on behalf of another individual, and that person was supposed to retrieve the drugs from him.  PSR ¶ 57, ECF No. 27 at PageID #139.

        At sentencing, Defendant received a four-level upward adjustment for his role in the offenses.  *See* PSR ¶¶ 106, 112, ECF No. 27 at PageID #150-51.  That is, he was found to be a leader/organizer of a game room with five or more

participants, and a leader/organizer of the drug conspiracy, which also involved five or more participants. *Id.*[6]

These facts certainly demonstrate that Defendant was a long-term gambling room operator in Honolulu, and was a significant distributor of methamphetamine. Further, Defendant still has a substantial portion of his sentence to serve—he has been incarcerated since his arrest in January 2013, and is not scheduled for release from custody until November 2025. *See* https://www.bop.gov/inmateloc/ (last visited August 31, 2020). Thus, he has over 5 years left to serve.[7] Reducing Defendant's sentence to time served, given the nature of his offenses, would severely undermine the goals of sentencing set forth in § 3553(a)(2). And this conclusion would not change when considering Defendant's post-offense conduct. Although his educational efforts while in prison are certainly commendable, they do not justify compassionate release when considered along with the other § 3553(a) factors.

---

[6] Although Defendant's criminal history is long in the past, it does reflect acts of violence. PSR ¶¶ 125-27, ECF No. 27 at PageID #152-53.

[7] When evaluating the § 3553(a) factors, courts consider the amount of time remaining on a defendant's sentence—whether short or long—in determining whether to grant compassionate release. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020); *Chambliss*, 948 F.3d at 694; *United States v. Maka*, 2020 WL 2544408, at *4 (D. Haw. May 19, 2020); *United States v. Bogdanoff*, __F. Supp. 3d__, 2020 WL 2307315, at *6 (E.D. Pa. May 8, 2020); *United States v. Moskop*, 2020 WL 1862636, at *1-2 (S.D. Ill. Apr. 14, 2020); *United States v. Farmer*, 2020 WL 4057550, at *2 (N.D. Ohio July 20, 2020); *United States v. Steffey*, 2020 WL 3840558, at *1 (D. Nev. July 8, 2020).

In sum, the court finds that although Defendant has established the requisite extraordinary and compelling reasons, the court DENIES the motion after considering the applicable § 3553(a) factors.

## IV.  **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release, ECF No. 49, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 31, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Tuitele*, Cr. No. 13-00593 JMS, Order Denying Defendant's Motion for Compassionate Release, ECF No. 49